**SUPER IRONER CORPORATION v. WATTS LAUNDRY EQUIPMENT CO. et al.**

**Civil Action No. 79.**

District Court, W. D. Michigan, S. D.

Feb. 20, 1941.

William Cyrus Rice, of Grand Rapids, Mich., and Wilkinson, Huxley, Byron, & Knight and Eugene M. Giles, all of Chicago, Ill., for plaintiff.

Robert E. Woodhams, of Kalamazoo, Mich., and Church & Church and C. B. Des Jardins, all of Washington, D. C., for defendants.

## Findings of Fact.

RAYMOND, District Judge.

1. The plaintiff, Super Ironer Corporation, is a corporation incorporated under the laws of the State of Michigan and having its place of business at St. Joseph, Berrien County, Michigan.

2. The defendant, Watts Laundry Equipment Company, is a corporation organized and existing under the laws of the State of Michigan, and having its principal place of business at St. Joseph, Berrien County, Michigan, and the defendant, T. J. Watts, is a citizen of the United States and an inhabitant of Benton Harbor, Berrien County, Michigan.

3. The validity of the patent in suit and the manufacture and sale of ironing machines embodying the invention covered thereby are admitted by defendants. The principal issue is one concerning title and ownership of the patent.

4. United States Letters Patent, No. 1,-624,698, in suit, Plaintiff's Exhibit No. 1, were granted April 12, 1927, to Robert J. Watts, of Benton Harbor, Michigan, for doffer for ironing machines, and, within six years prior to the filing of the complaint herein, the defendants, T. J. Watts and Watts Laundry Equipment Company, have made and sold ironing machines and doffers therefor embodying the invention covered by said Letters Patent.

5. By an instrument in writing, Plaintiff's Exhibit No. 2, executed on October 24, 1927, and recorded in Transfers of Patents, United States Patent Office, Liber J–171, page 507, on July 6, 1937, the said patentee, Robert J. Watts, assigned to T. J. Watts, of Benton Harbor, Michigan, all right, title and interest in and to said Letters Patent, No. 1,624,698, and the improvement in doffers for ironing machines covered thereby.

6. By an instrument in writing, Super Exhibit M, executed on November 1, 1928, the said T. J. Watts of Benton Harbor, Michigan, assigned to Watts Laundry Machinery Company, of St. Joseph, Michigan, all the right, title and interest in and to the improvement in doffers for ironing machines for which United States Letters Patent, No. 1,624,698, were obtained, and in and to the Letters Patent therefor, aforesaid. This assignment was never recorded. The transaction was not formally authorized by the board of directors or stock-

holders of Watts Laundry Machinery Company.

7. By an instrument in writing, executed on April 10, 1929, Plaintiff's Exhibit No. 8, Watts Laundry Machinery Company, of St. Joseph, Michigan, assigned to T. J. Watts, of Benton Harbor, Michigan, all right, title and interest in and to the improvements in doffers for ironing machines for which United States Letters Patent, No. 1,624,698, were obtained, and in and to the said Letters Patent, No. 1,624,698. This assignment was never recorded and it was not formally authorized by the board of directors or stockholders of Watts Laundry Machinery Company.

8. Watts Laundry Machinery Company, of St. Joseph, Michigan, by an instrument in writing, Super Exhibit F, executed April 7, 1931, granted and conveyed to plaintiff, Super Ironer Corporation, "all the following goods and chattels, to-wit:

"All Patents of the first party of every kind and nature and especially, United States Patent No. 1,162,835, which expires December 7, 1932, and was applied for on December 19, 1912, and issued December 7, 1915, and assigned to the Watts Laundry Machinery Company by T. J. Watts.

"Also, Patent No. 1,624,698, the same being an Improvement in Doffers for Ironing Machines dated April 12, 1927, and assigned to the Watts Laundry Machinery Company on October 24, 1927.

"And the first party covenants that the Certificates representing said Patents have been lost or mislaid, and in the event that said Certificates are found, the same will be duly assigned and transferred to the second party."

The said instrument was recorded in Transfers of Patents, United States Patent Office, Liber N–175, page 416, on June 30, 1938. This assignment was under the seal of and authorized by the directors of the Watts Laundry Machinery Company and was for a consideration of $200.

9. The said T. J. Watts, on September 16, 1938, executed an assignment, Plaintiff's Exhibit No. 3, to Harry Koplin, of all his right, title and interest in and to the improvements in doffers for ironing machines for which Letters Patent, No. 1,624,698, were obtained, and in and to the said Letters Patent therefor. This assignment was recorded in Transfers of Patents, United States Patent Office, Liber M–176, page 111, on September 24, 1938.

10. The said Harry Koplin, on February 9, 1939, executed an assignment, Plaintiff's Exhibit 4, to David Koplin, of Atlanta, Georgia, of his right, title and interest in and to United States Letters Patent, No. 1,624,698. The said assignment was recorded in Transfers of Patents, United States Patent Office, Liber E–178, page 585, on February 13, 1939.

11. The said David Koplin, on December 5, 1939, executed an assignment, Plaintiff's Exhibit 5, to Why Corporation, of his right, title and interest in and to United States Letters Patent, No. 1,624,698. The said assignment was recorded in the United States Patent Office, in Liber U–181, page 173, on December 9, 1939.

12. The said T. J. Watts, on January 25, 1940, executed an assignment, Plaintiff's Exhibit No. 6, to Harry Koplin, of all rights of action, both at law and in equity, for infringement of United States Letters Patent, No. 1,624,698, that accrued prior to September 16, 1938. Said assignment was recorded in the United States Patent Office, in Liber N–182, page 55, on February 19, 1940.

13. The said Harry Koplin, on January 25, 1940, executed an assignment, Plaintiff's Exhibit No. 7, to Why Corporation, of all rights of action, both at law and in equity, for infringement of said Letters Patent, No. 1,624,698, acquired by him from T. J. Watts. Said assignment was recorded in the United States Patent Office, in Liber N–182, page 57, on February 19, 1940.

14. Plaintiff, Super Ironer Corporation, for its title to the patent in suit, relies upon an assignment (Exhibit No. 2) of the patentee, Robert J. Watts, to his father, T. J. Watts, recorded in the United States Patent Office July 6, 1937; an unrecorded assignment (Exhibit M) from T. J. Watts to Watts Laundry Machinery Company, dated November 1, 1928; and an assignment (Exhibit F) dated April 7, 1931, recorded in the United States Patent Office June 30, 1938, from Watts Laundry Machinery Company to plaintiff, Super Ironer Corporation.

15. At the time of the assignment of the patent in suit by T. J. Watts to the Watts Laundry Machinery Company, on November 1, 1928, and at the time of the reassignment of the patent by the Watts Laundry Machinery Company to T. J. Watts, the said T. J. Watts was president and owner of a controlling interest of the stock of the Watts Laundry Machinery Company.

16. In the reassignment of the patent on April 10, 1929, from the Watts Laundry Machinery Company to T. J. Watts, it was recited that "we are the sole owner of said patent and of all rights under the same". The notarial acknowledgment of the reassignment does not state that the officers, T. J. Watts, president, and his daughter, Ann Watts Clemens, secretary, were duly authorized, but merely states that T. J. Watts, president, and Ann Watts Clemens, secretary, "acknowledged the same as their free act and deed for the purposes set forth therein". The said assignment was never authorized by the directors of the Watts Laundry Machinery Company, and was never recorded in the Patent Office.

17. At the time when the patent in suit was assigned by Watts Laundry Machinery Company to Super Ironer Corporation, none of the officers or directors of the Super Ironer Corporation had notice or knowledge, actual or constructive, of the unrecorded assignment (Exhibit 8) of the patent in suit, dated April 10, 1929, by Watts Laundry Machinery Company to T. J. Watts.

18. Super Ironer Corporation was on April 7, 1931, a purchaser of the patent in suit for a valuable consideration, without notice of the unrecorded prior assignment by Watts Laundry Machinery Company to T. J. Watts (Exhibit No. 8).

19. Prior to the assignment of September 16, 1938 (Exhibit 3), of the patent in suit by T. J. Watts to Harry Koplin, Super Ironer Corporation had acquired, on April 7, 1931, legal title to the patent in suit through the assignment (Exhibit F) which was recorded in the United States Patent Office on June 30, 1938, prior to the subsequent purchase by Koplin on September 16, 1938, of the patent in suit from T. J. Watts.

20. T. J. Watts was president, director and controlling stockholder in the Watts Laundry Machinery Company from 1920 until February 8, 1930. His duties included designing and improving the laundry machinery manufactured and sold by the said company. On October 24, 1927, he acquired title to the patent in suit from his son, Robert J. Watts, who had made the doffer invention covered thereby while employed by the Watts Laundry Machinery Company and to meet the need of said company for a satisfactory doffer.

21. During the year 1928, T. J. Watts, without authority, withdrew from the funds of the Watts Laundry Machinery Company $40,000 over and above his salary of $20,000 and expenses, and upon assignment of the patent in suit on November 1, 1928, to the Watts Laundry Machinery Company, T. J. Watts removed from the records of the company the item of $40,000 advanced to him and added that amount to the assets of the company as "patents $45,000.00", of which amount $5,000 had been paid by the company to T. J. Watts for an earlier patent. The financial statements of the company continued to carry the same item, "patents $45,000.00", until the patents were assigned by the company to the Super Ironer Corporation on April 7, 1931.

22. On March 30, 1929, Amick and Spicer, accountants, rendered a report to certain minority stockholders on the finances of the Watts Laundry Machinery Company, which disclosed for the first time to the minority stockholders that T. J. Watts had assigned to the Watts Laundry Machinery Company title to the patent in suit in liquidation of the $40,000 which he had withdrawn from the funds of the company.

23. The record does not support the claim of T. J. Watts that notes amounting to $40,000 were given to the Watts Laundry Machinery Company in April, 1929, to cover the corresponding amount which he had improperly withdrawn from the funds of the company during 1928, or for any other purpose whatsoever.

### Conclusions of Law.

1. Watts patent, No. 1,624,698, is good and valid in law.

2. The defendants, Watts Laundry Equipment Company and T. J. Watts, have, within six years prior to the institution of this suit, manufactured and sold doffers for ironing machines embodying the invention covered by patent No. 1,624,698.

3. Plaintiff, Super Ironer Corporation, acquired legal title to the patent in suit, No. 1,624,698, through an assignment to it from Watts Laundry Machinery Company dated April 7, 1931 (Exhibit F), for a valuable consideration without notice of the prior unrecorded assignment (Exhibit 8) by Watts Laundry Machinery Company to T. J. Watts.

4. On September 16, 1938, T. J. Watts did not have title to the patent in suit, No. 1,624,698, title thereto already having vested in Super Ironer Corporation, and hence Harry Koplin did not acquire legal title

thereto from T. J. Watts, as the assignment (Exhibit F) to plaintiff, Super Ironer Corporation, had been recorded in the United States Patent Office on June 30, 1938, prior to the said assignment on September 16, 1938, from T. J. Watts to Harry Koplin.

5. Plaintiff, Super Ironer Corporation, is and has been since April 7, 1931, the owner of the legal title to and of all rights under the patent in suit, No. 1,624,698, and is entitled to an injunction and accounting against the defendants, and each of them, Watts Laundry Equipment Company and T. J. Watts.

6. A judgment in conformity herewith may be submitted for signature on or before February 28, 1941.